IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

DENALI P. MALLOY, )
a single woman )
)
Plaintiff, )
)
v. )
)
STATE OF ALASKA DEPARTMENT )
OF HEALTH AND SOCIAL SERVICES )
SARAH TEAFORD AND JOHN DOE )
TEAFORD, husband and wife, )
MARLENE LESLIE AND JOHN DOE )
LESLIE, husband and wife, )
)
Defendants. )
) CASE NO. 3 AN 05-9276 Ci

## COMPLAINT FOR PERSONAL INJURY

Plaintiff Denali Malloy alleges as follows:

### I. JURISDICTION AND VENUE

1.1 The subject matter of this Complaint is a claim for personal injuries resulting from foster home sexual abuse which occurred in the State of Alaska in 1996.

1.2   Plaintiff Denali Malloy is a single woman who resides in King County, Washington. She is presently nineteen years old and was born on July 10, 1985. She reached the age of majority on July 10, 2003. She first came into the custody of the State of Alaska, Division of Family and Youth Services on December 26, 1995 when she was ten years old. This was an emergency placement due to the arrest of her mother, Maureen Malloy, for first degree murder. In 1996 she was placed in the home

Exhibit A
Page 1 of 10

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

of James Eller. While she lived in the Eller home she was subjected to severe and egregious physical and emotional abuse.

1.3   Defendant State of Alaska, Department of Health and Social Services, Office of Children's Services, is the State Agency ("Department") charged with operating the state foster care system and providing substitute care services to children placed in its care. At the time of the sexual abuse, this State Department was known as the State of Alaska Department of Health and Social Services, Division of Family and Youth Services.

1.4   Defendant Sarah Teaford is a resident of the State of Alaska and was a Department employee assigned, at times pertinent hereto, as a caseworker for the plaintiff. Sarah Teaford had the title of Social Worker III with the State of Alaska Department of Health and Social Services in the Anchorage District Office.

1.5   Defendant Marlene Leslie is a resident of the State of Alaska and was a Department employee overseeing the licensing of the James Eller home as a foster home facility. At all times material herein, Defendant Leslie had an ongoing duty to assess, screen and evaluate the Eller foster home, including but not limited to performing employment history checks, personal reference checks, local, statewide and federal criminal records checks and state abuse registry clearance. Defendant Leslie is sued individually and in her official capacity. Defendant John Doe Leslie is the spouse of Marlene Leslie and all acts alleged herein benefited the marital community.

1.6   Jurisdiction and venue are proper in this court based on the Alaska Tort Claims Act AS 9.50.250.

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-____ Ci          Page 2 of 10

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

Exhibit ___A___
Page __2__ of __10__

## I. FACTUAL BACKGROUND

1.7 Denali Malloy's mother, Maureen Malloy, was charged with murder in December of 1995. The facts of this case are set forth in Malloy v. State, 1 P.3d 1266, 1269 (Alaska App. 2000). Maureen Malloy was charged with murder in the first degree, kidnaping and tampering with physical evidence. The State of Alaska took emergency custody of Denali and her brother, Joshua, On December 25, 1995, at the time that their mother was arrested for murder. Denali was placed in several different foster homes in early 1996.

1.8 In May or June of 1996, Denali was moved into the residence of James Clifton Eller and Pamela Straw in Anchorage, Alaska. The sexual abuse started approximately two months after placement in the Eller home (August 1996). This abuse continued for a six month period until Denali moved out in January of 1997. Denali was eleven years old at this time.

James Eller was criminally charged, entered a plea of guilty and was sentenced to prison for sexual abuse. He was convicted under Court Docket Number: S96-9174 in Anchorage Superior Court. The date of his conviction was 4/18/1997 and the offense date was listed as 10/30/1996. His charge was Sexual Abuse of a Minor 1st Degree. James Clifton Eller is a registered sex offender with the State of Alaska now living in Anchorage. The specific acts of sexual abuse are set forth in the criminal case file.

1.9 Denali Malloy made a complaint to the Alaska Department of Family and Youth Services that she was being abused. Denali Malloy notified Defendant Sara Teaford, a social worker with the Alaska Family and Youth Services that she was being abused while she was living in the Eller home. She was told that is she persisted in her

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-_____ Ci          Page 3 of 10

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

Exhibit ___A___
Page __3__ of __10__

complaints, that she would not have a place to live and would probably never see her brother again. Sara Teaford talked Denali out of taking any kind of action. As a result, she stayed in the Eller household and the abuse continued.

1.10   Denali's natural father, Dee Nichols, sought custody of Denali throughout the period that she was in the Alaska foster care system. He ultimately was reunited with Denali in July of 1998 and Denali moved to Seattle Washington to live with him. The Order for Release from Custody/Supervision in the Superior Court for the State of Alaska, Third District, was signed on August 3, 1999 placing Denali in the custody of Dee Nichols, her natural father.

1.11   From the start of the placement in the Alaska State Foster Care System it was known that Denali Malloy, and her brother, Joshua Malloy, had suffered sexual abuse in the past. The Department was, or should have been, on notice that these children were at increased risk. This is evidenced by the Plan of Action dated December 28, 1995 and the Family Abuse/Neglect Assessment prepared for Case Number 425392. A second Family Abuse/Neglect Assessment was signed by Karen Mason, who was a supervisor in the Department for Marlene Leslie. This report indicates that there was substantiated sexual abuse for Denali Malloy and her neglect assessment was "high". The Department should have been on notice that Denali Malloy and Joshua Malloy had to be closely monitored for their well being and safety.

1.12   The Department and defendants were negligent, grossly negligent, and reckless in the following respects:

A.   In failing to determine that James Eller and Pam Strah were unfit persons

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-_____ Ci          Page 4 of 10

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121


Exhibit    A
Page   4   of   10

to act as foster parents prior to placing plaintiff in their home.

    B.    In failing to monitor and in failing to provide adequate supervision in case worker services to James Eller while Denali Malloy was residing in the home.

    C.    In failing to monitor and in failing to provide adequate supervision in case worker services to Denali Malloy while she was residing in the Eller foster home.

    D.    In failing to investigate and otherwise act on a complaint made to Sarah Teaford in 1996 alleging the mistreatment of plaintiff that was occurring in the foster home of James Eller.

    E.    In permitting plaintiff to reside in the foster home of James Eller throughout 1996.

    1.13    Denali Malloy is currently unemployed. Denali Malloy dropped out of school in the seventh grade. She is in need of additional education and training. She will require extensive psychological care for the remainder of her life.

    II.    COUNT 1 – NEGLIGENCE AGAINST ALL DEFENDANTS

    2.1    Plaintiff realleges all previous paragraphs of the Complaint as if fully set forth herein.

    2.2    Plaintiff notified the Division of Risk Management of this claim and all conditions precedent have been performed.

    2.3    The Department, though its employees and agents, had a duty to provide Plaintiff with a safe environment, to thoroughly screen the foster homes in which Plaintiff was placed, to visit the children on a regular basis, to thoroughly investigate allegations of abuse and to comply with their own rules and regulations. Plaintiff

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-____ Ci        Page 5 of 10

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

Exhibit A
Page 5 of 10

complained to Defendant Sarah Teaford, a social worker in the Department that she was being abused. Defendant Teaford and the Department failed to promptly investigate the allegations of abuse and remove Denali Malloy and her brother, Josh Malloy, from the Eller foster home.

2.4   The Department, through its employees and agents, and Defendants Teaford and Leslie, breached said duties.

2.5   As a direct and proximate result of the negligence of the defendants, Plaintiff suffered and will continue to suffer, sever bodily harm and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life and expenses of continued medical treatment. The losses are either permanent or continuing in nature and Plaintiff will suffer such losses in the future. Furthermore, Plaintiff will require services and treatment for the rest of her life due to severe psychological trauma and other harm which she has endured while in the State's care.

III.   COUNT II – GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

3.1   Plaintiff realleges all previous paragraphs of the Complaint as if fully set forth herein.

3.2   Plaintiff notified the Division of Risk Management of this claim and all conditions precedent have been performed.

3.3   The Department, through its employees and agents, had a duty to provide Plaintiff with a safe environment, to thoroughly screen the foster homes in which Plaintiff was placed, to visit the children on a regular basis, to thoroughly investigate

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-____ Ci          Page 6 of 10

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

Exhibit ___A___
Page __6__ of __10__

allegations of abuse and to comply with their own rules and regulations. Defendant Teaford and the Department failed to promptly investigate the allegations of abuse and remove Denali Malloy and her brother, Josh Malloy, from the Eller foster home.

3.4   The Department, through its employees and agents, and Defendants Teaford and Leslie, breached said duties.

3.5   As a direct and proximate result of the negligence of the defendants, Plaintiff suffered and will continue to suffer, severe bodily harm and resulting pain and suffering disability, mental anguish, loss of capacity for the enjoyment of life and expenses of continued medical treatment. The losses are either permanent or continuing in nature and Plaintiff will suffer such losses in the future. Furthermore, Plaintiff will require services and treatment for the rest of her life due to severe psychological trauma and other harm which she has endured while in the State care.

### IV. COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

4.1   Plaintiff realleges all previous paragraphs of the Complaint as is fully set forth within.

4.2   Plaintiff notified the Division of Risk Management of this claim and all conditions precedent have been performed.

4.3   The Department, through its employees and agents, had a duty to provide Plaintiff with a safe environment, to thoroughly screen the foster homes in which Plaintiff was placed, to visit the children on a regular basis, to thoroughly investigate allegations of abuse and to comply with their own rules and regulations. Defendant

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-____ Ci       Page 7 of 10

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

Exhibit ___A___
Page ___7___ of ___10___

Teaford and the Department failed to promptly investigate the allegations of abuse and remove Denali Malloy and her brother, Josh Malloy, from the Eller foster home. Defendant Teaford talked Denali Malloy out of taking any kind of action. As a result, she stayed in the Eller household and the abuse continued. These acts constitute extreme and outrageous conduct that intentionally and/or recklessly caused severe emotional distress to Denali Malloy.

4.4   The Department, through its employees and agents, and Defendants Teaford and Leslie, breached said duties.

4.5   As a direct and proximate result of the extreme and outrageous conduct of the defendants, Plaintiff suffered and will continue to suffer, severe emotional distress, bodily harm and resulting pain and suffering disability, mental anguish, loss of capacity for the enjoyment of life and expenses of continued medical treatment. Furthermore, Plaintiff will require services and treatment for the rest of her life due to severe psychological trauma and other harm which she has endured while in the State care.

### V.   COUNT IV -- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

5.1   Plaintiff realleges all previous paragraphs of the Complaint as is fully set forth within.

5.2   Plaintiff notified the Division of Risk Management of this claim and all conditions precedent have been performed.

5.3   The Department, through its employees and agents, had a duty to provide Plaintiff with a safe environment, to thoroughly screen the foster homes in which

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-____ Ci            Page 8 of 10

Exhibit ___A___
Page __8__ of __10__

Plaintiff was placed, to visit the children on a regular basis, to thoroughly investigate allegations of abuse and to comply with their own rules and regulations. Defendant Teaford and the Department failed to promptly investigate the allegations of abuse and remove Denali Malloy and her brother, Josh Malloy, from the Eller foster home. Defendant Teaford talked Denali Malloy out of taking any kind of action. As a result, she stayed in the Eller household and the abuse continued. These acts constitute the tort of negligent infliction of emotional distress.

5.4   The Department, through its employees and agents, and Defendants Teaford and Leslie, breached said duties.

5.5   As a direct and proximate result of the negligent conduct of the defendants, Plaintiff suffered and will continue to suffer, severe emotional distress, bodily harm and resulting pain and suffering disability, mental anguish, loss of capacity for the enjoyment of life and expenses of continued medical treatment. Furthermore, Plaintiff will require services and treatment for the rest of her life due to severe psychological trauma and other harm which she has endured while in the State care.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury of all issues so triable.

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-____ Ci          Page 9 of 10

Exhibit ___A___
Page __9__ of _10_

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in an amount that will fairly compensate plaintiff for all damages sustained, costs and reasonable attorney's fees and such other relief as the Court deems equitable and just.

DATED AT Anchorage, Alaska on the 30th day of June 2005.

By: _____
Carmen Kay Denny
ABA# 0211042
Attorney for Denali Malloy

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-_____ Ci          Page 10 of 10

Exhibit ___A___
Page __10__ of __10__