3.5   The Department, through its employees and agents, and Defendants Hanson and Leslie, breached the aforementioned duties.

3.6   The defendants' acts of commission and omission constitute negligence in numerous ways, including but not limited to:

    A. Failing to determine that James Eller and Pam Straw were unfit persons to act as foster parents prior to placing plaintiff in their home.

    B. Failing to monitor and in failing to provide adequate supervision in case worker services to James Eller while plaintiff was residing in the Eller foster home.

    C. Failing to monitor and in failing to provide adequate supervision in case worker services to plaintiff while she was residing in the Eller foster home.

    D. Failing to investigate and otherwise act on a complaint made to defendant Sarah T. Hanson in 1996, alleging sexual molestation and abuse of plaintiff that was occurring in the foster home of James Eller.

    E. Placing plaintiff in the foster home of James Eller throughout 1996.

3.7   As a direct and proximate result of the negligence of the defendants, Plaintiff suffered and will continue to suffer, severe bodily harm and resulting pain and suffering, disability, mental anguish and emotional distress, loss of capacity for the enjoyment of life and expenses of continued medical and psychological treatment. The losses are either permanent or continuing in nature and plaintiff will suffer such losses in the future

3.8   Further, as a result of the injuries plaintiff sustained as stated above, Plaintiff dropped out of school in the seventh grade. She is currently unemployed and is in need of additional education, vocational evaluation, training and placement.

## IV.

## COUNT II – GROSS NELGICENCE & RECKLESS DISREGARD

4.1   Plaintiff re-alleges all of the previous paragraphs as if fully set forth herein and in addition alleges as follows:

AMENDED COMPLAINT FOR PERSONAL INJURIES    Page 6 of 6
Malloy V. Alaska DHSS & Others    Case No. 3 AN 05-9276 Ci

LAW OFFICE OF DONALD D. COOK    AND    C. KAY DENNY, ATTORNEY AT LAW
800 Bellevue Way N.E., Suite 400                    310 K Street, Suite 200
Bellevue, Washington 98004                          Anchorage, Alaska 99501
Tel. 425 235-2665/ Fax. 253-3226                Tel. 907 264-6687/ Fax 907 569-0121



Exhibit B

Page 6 of 10

4.2     The conduct of defendants as set forth above constitutes gross negligence and reckless disregard for the welfare of the plaintiff.

4.3     As a direct and proximate result of the grossly negligent and reckless conduct of the defendants, Plaintiff suffered and will continue to suffer as described in Paragraph 3.7 above and will require services as described in Paragraph 3.8.

## V.
## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5.1     Plaintiff re-alleges all of the previous paragraphs as if fully set forth herein and in addition alleges as follows:

5.2     The conduct of defendants as set forth above constitutes the intentional infliction of emotional distress in that:

    A. Defendants' conduct was extreme and outrageous;

    B. Defendants' conduct was intentional or reckless;

    C. Defendants' conduct caused emotional distress to plaintiff; and

    D. The emotional distress caused by defendants' conduct was extreme.

5.3     As a direct and proximate result of the extreme and outrageous conduct of the defendants, Plaintiff suffered and will continue to suffer, severe emotional distress, mental anguish, humiliation, fear and anxiety, and depression in addition to the other harm described in Paragraph 3.7 above, and will require services as described in Paragraph 3.8.

## VI.
## COUNT IV - VIOLATION OF CIVIL RIGHTS UNDER U.S.C 42, SECTION 1983

6.1     Plaintiff re-alleges all of the previous paragraphs as if fully set forth herein and in addition alleges as follows:

6.2     Plaintiff had a constitutional right to be free from unjustified intrusions on her personal security, in the form of physical and sexual abuse, while in the care of the state.

---

AMENDED COMPLAINT FOR PERSONAL INJURIES     Page 7 of 7
Malloy V. Alaska DHSS & Others                      Case No. 3 AN 05-9276 Ci

LAW OFFICE OF DONALD D. COOK         AND     C. KAY DENNY, ATTORNEY AT LAW
800 Bellevue Way N.E., Suite 400                     310 K Street, Suite 200
Bellevue, Washington 98004                            Anchorage, Alaska 99501
Tel. 425 235-2665/ Fax. 253-3226                     Tel. 907 264-6687/ Fax 907 569-0121

Exhibit B
Page 7 of 10

6.3     Plaintiff had a constitutional right to be placed by her state custodians in a safe, nonviolent environment.

6.4     Plaintiff had a constitutional right to be protected from physical injury and sexual abuse while in the care of the state.

6.5     By reason of its acts and omissions, defendant Department of Health and Social Services, Karen Perdue, and defendant Department's agents and employees acting under color of state statute, regulation, ordinance, custom, or usage, and in gross and wanton disregard of plaintiff's rights, deprived plaintiff of her liberty, privacy, and her right to be free from unjustified intrusions on her personal security, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and under the corollary provisions of the Alaska Constitution.

6.6     By reason of the foregoing, the plaintiff suffered extreme humiliation and terror, pain and suffering, physical injuries, and severe mental anguish and depression as stated above.

## VII.
## COUNT V - BREACH OF FIDUCIARY DUTY

7.1     Plaintiff re-alleges all of the previous paragraphs as if fully set forth herein and in addition alleges as follows:

7.2     Alaska Statute 47.14.100(a) requires defendant Department of Health and Social Services to "arrange for the care of every child" and "place the child in suitable family home". Additionally, subsection (b) mandates that: "A child under the care of the department may not be placed in a family home or institution that does not maintain adequate standards of care."

7.3     Alaska Statute 47.14.110 requires that: "A representative of the department shall visit, as often as is considered necessary, every foster home . . . in which a child is placed, and, if not satisfied as to the care given, may remove the child from the foster home or institution and place the child elsewhere."

7.4     Alaska Statute 47.14.120 requires that the department establish standards of care and adopt regulations desirable for the welfare of every child under its care.

AMENDED COMPLAINT FOR PERSONAL INJURIES     Page 8 of 8
Malloy V. Alaska DHSS & Others              Case No. 3 AN 05-9276 Ci

LAW OFFICE OF DONALD D. COOK        AND     C. KAY DENNY, ATTORNEY AT LAW
800 Bellevue Way N.E., Suite 400            310 K Street, Suite 200
Bellevue, Washington 98004                  Anchorage, Alaska 99501
Tel. 425 235-2665/ Fax. 253-3226            Tel. 907 264-6687/ Fax 907 569-0121

Exhibit  B
Page  8  of  10

7.5   Defendant Department of Health and Social Services exercised its authority and undertook custody of plaintiff. Plaintiff had a special relationship with defendant Department of Health and Social Services and its officials and employees, including defendants Sarah Hanson and Karen Perdue, Supervisor of Sarah Hanson.

7.6   As a consequence of this special relationship, defendants had a fiduciary duty to protect plaintiff from harm.

7.7   Defendants Department of Health and Social Services, Sarah Hanson, and Karen Perdue each had a duty to exercise reasonable care in placing plaintiff in the Eller foster home and ensuring that the home was suitable and maintained adequate standards of care. Defendants failed in that duty by failing to remove plaintiff upon notice that the home was not suitable.

7.8   Defendants Department of Health and Social Services, Karen Mason and Marlene Leslie each had a duty to ensure that the Eller home met adequate standards of care and was a suitable family home prior to, and during, plaintiff's placement. Defendants failed in that duty and displayed reckless indifference when notified of the unsuitability of the home, resulting in harm to plaintiff.

7.9   Defendant Department of Health and Social Services and Karen Perdue had a duty to establish standards of care and adopt regulations desirable for the welfare of every child under its care. Defendants failed to establish standards or adopt regulations sufficient to ensure the welfare of children. Such failure resulted in harm to plaintiff as stated above.

## VIII.
## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury of all issues so triable.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment against each of the defendants and all defendants, jointly and severally, in an amount to be proven at trial as compensatory damages, and special damages in an amount to be proven at trial, plus interest from the date of the

AMENDED COMPLAINT FOR PERSONAL INJURIES   Page 9 of 9
Malloy V. Alaska DHSS & Others   Case No. 3 AN 05-9276 Ci

LAW OFFICE OF DONALD D. COOK          AND          C. KAY DENNY, ATTORNEY AT LAW
800 Bellevue Way N.E., Suite 400                              310 K Street, Suite 200
Bellevue, Washington 98004                                      Anchorage, Alaska 99501
Tel. 425 235-2665/ Fax. 253-3226                              Tel. 907 264-6687/ Fax 907 569-0121


Exhibit B
Page 9 of 10

occurrence at the prevailing rate, plus attorneys fees, plus the cost of the action and for such other and further relief as the court deems just and equitable.

MOREOVER, Defendant's conduct as stated above was extreme and outrageous, done with bad motive, or at the very least, constituted reckless indifference to the plaintiff. As such, the plaintiff is entitled to an award of punitive damages within the meaning of AS 9.17.020. Therefore, in addition to compensatory and punitive damages, Plaintiff prays for punitive damages against all defendants, jointly and severally, in an amount to be established at trial.

WHEREFORE, Plaintiff further requests that the Department of Health and Social Services review and revise its policies and regulations to ensure the safety and welfare of foster care placements.

RESPECTFULLY SUBMITTED this 2 day of February, 2006.

By: /ss/ Donald D. Cook
Donald D. Cook, WSBA # 21672
Attorney for Plaintiff
Appearing Pro Hac Vice

By: [signature]
C. Kay Denny, ABA #0211042
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that on the 3 day of February 2006, a true and correct copy of the foregoing document was served by: FIRST CLASS MAIL
TO: State of Alaska Department of Health and Social Services, David Knapp
[signature]

AMENDED COMPLAINT FOR PERSONAL INJURIES       Page 10 of 10
Malloy V. Alaska DHSS & Others                Case No. 3 AN 05-9276 Ci

LAW OFFICE OF DONALD D. COOK         AND    C. KAY DENNY, ATTORNEY AT LAW
800 Bellevue Way N.E., Suite 400            310 K Street, Suite 200
Bellevue, Washington 98004                   Anchorage, Alaska 99501
Tel. 425 235-2665/ Fax. 253-3226             Tel. 907 264-6687/ Fax 907 569-0121

Exhibit B
Page 10 of 10