DAVID W. MÁRQUEZ
ATTORNEY GENERAL

David H. Knapp
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501
Phone:  (907)269-5190
Fax:  (907)258-0760

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENALI P. MALLOY, a single woman ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STATE OF ALASKA DEPARTMENT ) | |
| OF HEALTH AND SOCIAL ) | |
| SERVICES, and its COMMISSIONER; ) | |
| and KAREN PERDUE; SARAH T. ) | |
| HANSON; and the SUPERVISOR OF ) | |
| SARAH T. HANSON; and KAREN ) | |
| MASON; and MARLENE LESLIE, ) | |
| ) | |
| Defendants. ) | |
| ) | Case No.  3:06-CV-00052 TMB |
| _____ ) | |

**ANSWER OF MARLENE LESLIE TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Marlene Leslie, through counsel, answers plaintiff's amended

complaint as follows:

1.  Answering ¶ 1.1, defendant denies any wrongful conduct.

2.  Answering ¶ 1.2, defendant admits the Division of Risk Management is aware of this lawsuit.

3.  Answering ¶ 1.3, defendant does not know plaintiff's marital status or current place of residence, but admits the remaining allegations.

4.  Answering ¶ 1.4, defendant admits that DHSS is the state agency responsible for child protective services.

5. Answering ¶ 1.5, defendant denies that she was charged with supervising the licensing of the other Eller foster home.

6. Answering ¶ 1.6, defendant admits that Karen Mason was her supervisor.

7.  Defendant admits the allegations in ¶ 1.7.

8.  Paragraph 1.8 requires no admission or denial.

9.  Answering ¶ 1.9, defendant admits that DHSS is headed by a commissioner.

10.  Answering ¶ 1.10, defendant admits that Karen Purdue was the commissioner of DHSS during the relevant time, and that the DHSS was responsible for training and supervising its staff.

11.  Defendant admits the allegations in ¶ 1.11.

12.  Answering ¶ 1.10, defendant admits the Court's jurisdiction under federal law.

13.  Defendant admits the allegations in ¶ 2.1.

14.  The documents referred to in ¶ 2.2 speak for themselves.

15.  Answering ¶ 2.3, defendant admits that Mr. Nichols contacted the Department through an attorney, and that he was not considered a viable option for placement due to an allegation that he had sexually abused J.M.

16.  Answering ¶ 2.4, defendant admits that plaintiff was placed in the Eller/Strah foster home in January 1996, but denies that sexual abuse occurred before September 1996.

17.  Answering ¶ 2.5, defendant denies that plaintiff reported the abuse to Sarah Hanson.  Defendant believes that plaintiff first reported the abuse to Rhoda Vander Voort on 10/29/96, and that Sarah Hanson did not learn of the allegation until the next day, 10/30/96, when she learned of it from Francis Dunn.

18.  Answering ¶ 2.6, defendant admits that Mr. Nichols sought permanent custody of plaintiff, and that he was granted permanent custody in 1998.

19.  Answering ¶ 2.7, defendant admits that Eller was convicted of sexually abusing plaintiff, and that he has been released from jail and lives in Anchorage.

20.  Answering ¶ 2.8, defendant has insufficient information of form of a belief as to the truth of the matters asserted, and therefore denies the same.

21.  Paragraph ¶ 3.1 does not require admission or denial.

22.  Answering ¶ 3.2, defendant's duty of care is a matter of law; and defendant denies that she knew or should have known that Eller had been arrested and charged with child sexual abuse prior to being approved as a foster parent.

23.  Answering ¶ 3.3, defendant responds that legal duty is a matter of law; and the risk assessment speaks for itself.

24.  Answering ¶ 3.4, defendant responds that legal duty is a matter of law; and defendant denies that DHSS failed to properly investigate plaintiff's allegation of abuse (the matter was being investigated by the police by the time DHSS learned of the plaintiff's allegations).

25.  Defendant denies the allegations in ¶ 3.5.

26.  Defendant denies the allegations in ¶ 3.6.

27.  Defendant denies the allegations in ¶ 3.7.

28.  Defendant denies the allegations in ¶ 3.8.

29.  Paragraph 4.1 does not require admission or denial.

30.  Defendant denies the allegations in ¶ 4.2.

31.  Defendant denies the allegations in ¶ 4.3.

32.  Paragraph 5.1 does not require admission or denial.

33.  Defendant denies the allegations in ¶ 5.2.

34.  Defendant denies the allegations in ¶ 5.3.

35.  Plaintiff's ¶ 6.1 does not require admission or denial.

36.  Answering ¶ 6.2, plaintiff's constitutional rights are a matter of law.

37.  Answering ¶ 6.3, plaintiff's constitutional rights are a matter of law.

38.  Answering ¶ 6.4, plaintiff's constitutional rights are a matter of law.

39.  Defendant denies the allegations in ¶ 6.5.

40.  Defendant denies the allegations in ¶ 6.6.

41.  Paragraph 7.1 does not require admission or denial.

42.  Answering ¶ 7.2, defendant admits that AS.14.100 applies to DHSS.

43.  Answering ¶ 7.3, defendant admits that AS.14.100 applies to DHSS.

44.  Answering ¶ 7.4, defendant admits that AS.14.100 applies to DHSS.

45.  Answering ¶ 7.5, defendant admits that DHSS took custody of plaintiff, and thereby assumed the applicable statutory duties.

46.  Answering ¶ 7.6, defendant admits that DHSS took custody of plaintiff and thereby assumed all applicable statutory duties, but defendant denies that DHSS assumed a fiduciary duty that is applicable to plaintiff's claims in this case.

47.  Answering ¶ 7.7, defendant denies that DHSS or its employees breached any duty owed to plaintiff.

48.  Answering ¶ 7.8, defendant denies that DHSS or its employees breached any duty owed to plaintiff.

49.  Answering ¶ 7.9, defendant denies that DHSS or its employees breached any duty owed to plaintiff.

50.  Defendant denies any and all allegations in plaintiff's amended complaint not fully answered above.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's amended complaint fails in whole or in part to state a claim upon which relief can be granted.

2.     Defendant is entitled to immunity from plaintiff's state law claims under state law.

3.     Defendant is entitled to qualified immunity from plaintiff's federal law claims.

4.     Fault must be apportioned to James Eller pursuant to AS 09.17.080 and/or applicable common law principles.

5.     Defendant reserves the right to add other affirmative defenses disclosed through the discovery process.

## RELIEF SOUGHT

1.    Entry of judgment dismissing all causes of action against Marlene Leslie with prejudice;

2.    An award of attorney's fees and costs for defending this action; and

3.    Such other relief as the Court deems just and appropriate.

DATED this 10th day of March, 2006, at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:    s/ David H. Knapp
       Assistant Attorney General
       Office of the Attorney General
       1031 W. 4th Ave., Ste. 200
       Anchorage, AK 99501
       Phone: (907) 269-5190
       Fax:    (907) 258-0760
       Dave_Knapp@law.state.ak.us
       TWC_ECF@law.state.ak.us
       Alaska Bar No. 8511169

This is to certify that on this date, a copy of the
Foregoing Answer of Marlene Leslie is being mailed to:

Carmen Kay Denny
310 K Street, Suite 200
Anchorage, AK  99501

Donald D. Cook
800 Bellevue Way NE, Suite 400
Bellevue, WA  98004

s/ David H. Knapp  3/10/06

ANSWER OF MARLENE LESLIE TO AMENDED COMPLAINT
*Malloy v. State et al.*
Page 7 of 7