IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| DENALI P. MALLOY, a single woman ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF ALASKA DEPARTMENT ) <br> OF HEALTH AND SOCIAL ) <br> SERVICES, and its COMMISSIONER; ) <br> and KAREN PERDUE; SARAH T. ) <br> HANSON; and the SUPERVISOR OF ) <br> SARAH T. HANSON; and KAREN ) <br> Mason; and MARLENE LESLIE, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 3AN-05-9276 CI |

**ANSWER AND THIRD-PARTY COMPLAINT OF DHSS
TO PLAINTIFF'S AMENDED COMPLAINT**

The State of Alaska Department of Health and Social Services (DHSS), through counsel, answers plaintiff's amended complaint and alleges a third-party complaint against James C. Eller as follows:

1. Answering ¶ 1.1, DHSS denies any wrongful conduct.

2. Answering ¶ 1.2, DHSS admits the Division of Risk Management is aware of this lawsuit.

3. Answering ¶ 1.3, DHSS does not know plaintiff's marital status or current place of residence, but admits the remaining allegations.

4. Answering ¶ 1.4, DHSS admits that it is the state agency responsible for child protective services.

5. Answering ¶ 1.5, DHSS denies that Marlene Leslie was charged with supervising the licensing of the other Eller foster home.

6. Answering ¶ 1.6, DHSS admits that Karen Mason supervised Marlene Leslie.

7. DHSS admits the allegations in ¶ 1.7.

8. Paragraph 1.8 requires no admission or denial.

9. Answering ¶ 1.9, DHSS admits that the Department is headed by a commissioner.

10. Answering ¶ 1.10, DHSS admits that Karen Purdue was the commissioner of the Department during the relevant time, and that the Department was responsible for training and supervising its staff.

11. DHSS admits the allegations in ¶ 1.11.

12. The allegations in ¶ 1.12 are admitted with respect to DHSS.

13. DHSS admits the allegations in ¶ 2.1.

14. The documents referred to ¶ 2.2 speak for themselves.

15. Answering ¶ 2.3, DHSS admits that Mr. Nichols contacted the Department through an attorney, and that he was not considered a viable option for placement due to an allegation that he had sexually abused J.M.

16. Answering ¶ 2.4, DHSS admits that plaintiff was placed in the Eller/Strah foster home in January 1996, but denies that sexual abuse occurred before September 1996.

17. Answering ¶ 2.5, DHSS denies that plaintiff reported the abuse to anyone before 10/29/96, at which time she was out of the Eller home. Ms. Hanson did not learn of the allegation until the next day, 10/30/96.

18. Answering ¶ 2.6, DHSS admits that Mr. Nichols sought permanent custody of plaintiff, and that he was granted permanent custody in 1998.

19. Answering ¶ 2.7, DHSS admits that Eller was convicted of sexually abusing plaintiff, and that he has been released from jail and lives in Anchorage.

20. Answering ¶ 2.8, DHSS has insufficient information to form a belief as to the truth of the matters asserted, and therefore denies the same.

21. Paragraph ¶ 3.1 does not require admission or denial.

22. Answering ¶ 3.2, DHSS' duty of care is a matter of law; and DHSS denies that Eller was ever been arrested and charged with child sexual abuse prior to being approved as a foster parent.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

23. Answering ¶ 3.3, DHSS' legal duty is a matter of law; and the risk assessment prepared by Marlene Leslie and signed by Karen Mason speaks for itself.

24. Answering ¶ 3.4, DHSS' legal duty is a matter of law; and DHSS denies that it failed to properly investigate plaintiff's allegation of abuse (the matter was being investigated by the police by the time DHSS learned of plaintiff's allegations).

25. DHSS denies the allegations in ¶ 3.5.

26. DHSS denies the allegations in ¶ 3.6.

27. DHSS denies the allegations in ¶ 3.7.

28. DHSS denies the allegations in ¶ 3.8.

29. Paragraph 4.1 does not require admission or denial.

30. DHSS denies the allegations in ¶ 4.2.

31. DHSS denies the allegations in ¶ 4.3.

32. Paragraph 5.1 does not require admission or denial.

33. DHSS denies the allegations in ¶ 5.2.

34. DHSS denies the allegations in ¶ 5.3.

35. Plaintiff's ¶ 6.1 does not require admission or denial.

36. Answering ¶ 6.2, plaintiff's constitutional rights are a matter of law.

37. Answering ¶ 6.3, plaintiff's constitutional rights are a matter of law.

38. Answering ¶ 6.4, plaintiff's constitutional rights are a matter of law.

DHSS' Answer to Amended Complaint
*Malloy v. SOA DHSS et al.*
3AN-05-9276 CI
Page 4 of 7

39. DHSS denies the allegations in ¶ 6.5.

40. DHSS denies the allegations in ¶ 6.6.

41. Paragraph 7.1 does not require admission or denial.

42. Answering ¶ 7.2, DHSS admits that AS.14.100 applies to DHSS.

43. Answering ¶ 7.3, DHSS admits that AS.14.100 applies to DHSS.

44. Answering ¶ 7.4, DHSS admits that AS.14.100 applies to DHSS.

45. Answering ¶ 7.5, DHSS admits that it took custody of plaintiff, and thereby assumed the applicable statutory duties.

46. Answering ¶ 7.6, DHSS admits that it took custody of plaintiff and thereby assumed all applicable statutory duties, but DHSS denies that it assumed a fiduciary duty that is applicable to plaintiff's claims in this case.

47. Answering ¶ 7.7, DHSS denies that the Department or its employees breached any duty owed to plaintiff.

48. Answering ¶ 7.8, DHSS denies that the Department or its employees breached any duty owed to plaintiff.

49. Answering ¶ 7.9, DHSS denies that the Department or its employees breached any duty owed to plaintiff.

50. DHSS denies any and all allegations in plaintiff's amended complaint not fully answered above.

## AFFIRMATIVE DEFENSES

1. Plaintiff's amended complaint fails in whole or in part to state a claim upon which relief can be granted.

2. DHSS and its employees are entitled to absolute, qualified or official immunity from some or all of plaintiff's claims.

3. Fault must be apportioned to James Eller pursuant to AS 09.17.080.

4. DHSS is not subject to suit under 42 U.S.C. § 1983.

5. DHSS reserves the right to add other affirmative defenses disclosed through the discovery process.

## THIRD-PARTY COMPLAINT

1. James Eller is a resident of Anchorage Alaska.

2. Eller was convicted of assaulting plaintiff.

3. Plaintiff seeks damages from DHSS for injuries arising out of Eller's assault on plaintiff.

4. Eller is solely at fault for plaintiff's injuries.

## RELIEF SOUGHT

1. Entry of judgment dismissing all causes of action against DHSS with prejudice.

2. An award of attorney's fees and costs for defending this action; and

3. Such other relief as the Court deems just and appropriate.

DATED this 15th day of March, 2006, at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: *[signature]*
David H. Knapp
Assistant Attorney General
ABA No. 8511169

This is to certify that on this date, a copy of the foregoing is being mailed to:

Carmen Kay Denny
310 K Street, Suite 200
Anchorage, AK 99501

Donald D. Cook
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004

*Chelsea Greene  3/15/06*
Chelsea Greene          Date

DHSS' Answer to Amended Complaint
*Malloy v. SOA DHSS et al.*
3AN-05-9276 CI
Page 7 of 7