complained to Defendant Sarah Teaford, a social worker in the Department that she was being abused. Defendant Teaford and the Department failed to promptly investigate the allegations of abuse and remove Denali Malloy and her brother, Josh Malloy, from the Eller foster home.

2.4   The Department, through its employees and agents, and Defendants Teaford and Leslie, breached said duties.

2.5   As a direct and proximate result of the negligence of the defendants, Plaintiff suffered and will continue to suffer, sever bodily harm and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life and expenses of continued medical treatment. The losses are either permanent or continuing in nature and Plaintiff will suffer such losses in the future. Furthermore, Plaintiff will require services and treatment for the rest of her life due to severe psychological trauma and other harm which she has endured while in the State's care.

### III.   COUNT II – GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

3.1   Plaintiff realleges all previous paragraphs of the Complaint as if fully set forth herein.

3.2   Plaintiff notified the Division of Risk Management of this claim and all conditions precedent have been performed.

3.3   The Department, through its employees and agents, had a duty to provide Plaintiff with a safe environment, to thoroughly screen the foster homes in which Plaintiff was placed, to visit the children on a regular basis, to thoroughly investigate

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-____ Ci          Page 6 of 10

allegations of abuse and to comply with their own rules and regulations. Defendant Teaford and the Department failed to promptly investigate the allegations of abuse and remove Denali Malloy and her brother, Josh Malloy, from the Eller foster home.

3.4  The Department, through its employees and agents, and Defendants Teaford and Leslie, breached said duties.

3.5  As a direct and proximate result of the negligence of the defendants, Plaintiff suffered and will continue to suffer, severe bodily harm and resulting pain and suffering disability, mental anguish, loss of capacity for the enjoyment of life and expenses of continued medical treatment. The losses are either permanent or continuing in nature and Plaintiff will suffer such losses in the future. Furthermore, Plaintiff will require services and treatment for the rest of her life due to severe psychological trauma and other harm which she has endured while in the State care.

### IV. COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

4.1  Plaintiff realleges all previous paragraphs of the Complaint as is fully set forth within.

4.2  Plaintiff notified the Division of Risk Management of this claim and all conditions precedent have been performed.

4.3  The Department, through its employees and agents, had a duty to provide Plaintiff with a safe environment, to thoroughly screen the foster homes in which Plaintiff was placed, to visit the children on a regular basis, to thoroughly investigate allegations of abuse and to comply with their own rules and regulations. Defendant

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-____ Ci                   Page 7 of 10

Teaford and the Department failed to promptly investigate the allegations of abuse and remove Denali Malloy and her brother, Josh Malloy, from the Eller foster home. Defendant Teaford talked Denali Malloy out of taking any kind of action. As a result, she stayed in the Eller household and the abuse continued. These acts constitute extreme and outrageous conduct that intentionally and/or recklessly caused severe emotional distress to Denali Malloy.

    4.4    The Department, through its employees and agents, and Defendants Teaford and Leslie, breached said duties.

    4.5    As a direct and proximate result of the extreme and outrageous conduct of the defendants, Plaintiff suffered and will continue to suffer, severe emotional distress, bodily harm and resulting pain and suffering disability, mental anguish, loss of capacity for the enjoyment of life and expenses of continued medical treatment. Furthermore, Plaintiff will require services and treatment for the rest of her life due to severe psychological trauma and other harm which she has endured while in the State care.

### V. COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

    5.1    Plaintiff realleges all previous paragraphs of the Complaint as is fully set forth within.

    5.2    Plaintiff notified the Division of Risk Management of this claim and all conditions precedent have been performed.

    5.3    The Department, through its employees and agents, had a duty to provide Plaintiff with a safe environment, to thoroughly screen the foster homes in which

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-____ Ci    Page 8 of 10

Plaintiff was placed, to visit the children on a regular basis, to thoroughly investigate allegations of abuse and to comply with their own rules and regulations. Defendant Teaford and the Department failed to promptly investigate the allegations of abuse and remove Denali Malloy and her brother, Josh Malloy, from the Eller foster home. Defendant Teaford talked Denali Malloy out of taking any kind of action. As a result, she stayed in the Eller household and the abuse continued. These acts constitute the tort of negligent infliction of emotional distress.

    5.4    The Department, through its employees and agents, and Defendants Teaford and Leslie, breached said duties.

    5.5    As a direct and proximate result of the negligent conduct of the defendants, Plaintiff suffered and will continue to suffer, severe emotional distress, bodily harm and resulting pain and suffering disability, mental anguish, loss of capacity for the enjoyment of life and expenses of continued medical treatment. Furthermore, Plaintiff will require services and treatment for the rest of her life due to severe psychological trauma and other harm which she has endured while in the State care.

### DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury of all issues so triable.

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-____ Ci    Page 9 of 10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in an amount that will fairly compensate plaintiff for all damages sustained, costs and reasonable attorney's fees and such other relief as the Court deems equitable and just.

DATED AT Anchorage, Alaska on the 30th day of June 2005.

By: _____
Carmen Kay Denny
ABA# 0211042
Attorney for Denali Malloy

Carmen Kay Denny
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 264-6687
Fax (907) 569-0121

COMPLAINT FOR PERSONAL INJURY
Malloy v. Alaska DHSS and etc.
Case No. 3 AN 05-____ Ci          Page 10 of 10