IN THE SUPERIOR COURT OF THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT
AT ANCHORAGE

| | |
|---|---|
| DENALI P. MALLOY, a single woman<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF ALASKA DEPARTMENT OF HEALTH AND SOCIAL SERVICES, and its COMMISSIONER; and KAREN PERDUE; SARAH T. HANSON; and the SUPERVISOR OF SARAH T. HANSON; and KAREN MASON; and MARLENE LESIE,<br><br>　　　　　　　Defendants. | CASE NO. 3AN-05-9276 CI<br><br>AMENDED COMPLAINT FOR NEGLIGENCE, GROSS NEGLIGENCE AND RECKLESS DISREGARD; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; BREACH OF FIDUCAIRY DUTY; AND VIOLATION OF CIVIL RIGHTS |

### AMENDED COMPLAINT FOR PERSONAL INJURIES

Plaintiff Denali Malloy, by and through her counsel, Donald D. Cook and C. Kay Denny, hereby amends her complaint for personal injuries against the above-named parties and alleges as follows:

### I.
### JURISDICTION AND VENUE

**A. Subject Matter Jurisdiction**

1.1   The subject matter of this Complaint is a claim for personal injuries including but not limited to negligence, gross negligence and reckless disregard, negligent and intentional infliction of emotional distress, breach of fiduciary duty, and violation of civil rights resulting

---

AMENDED COMPLAINT FOR PERSONAL INJURIES　　　　　Page 1 of 1
Malloy V. Alaska DHSS & Others　　　　　　　　　　　　　Case No. 3 AN 05-9276 Ci

LAW OFFICE OF DONALD D. COOK　　　AND　　　C. KAY DENNY, ATTORNEY AT LAW
800 Bellevue Way N.E., Suite 400　　　　　　　　　　　　310 K Street, Suite 200
Bellevue, Washington 98004　　　　　　　　　　　　　　Anchorage, Alaska 99501
Tel. 425 235-2665/ Fax. 253-3226　　　　　　　　　　　Tel. 907 264-6687/ Fax 907 569-0121

from repeated sexual abuse by a foster parent in 1996 while the plaintiff was placed in a foster home licensed and supervised by the State of Alaska.

1.2   Plaintiff notified the Division of Risk Management of this claim and all conditions precedent have been performed.

B. **Personal Jurisdiction**

1.3   Plaintiff, Denali Malloy, is a single woman and is a resident of King County, Washington. She was born on July 10, 1985 and reached the age of majority on July 10, 2003. She is currently twenty years old. The plaintiff was a resident of the State of Alaska at the time of the incident in question and came into the custody of the State of Alaska, Division of Family and Youth Services on December 26, 1995 when she was ten years old.

1.4   Defendant State of Alaska, Department of Health and Social Services, Office of Children's Services, is the State Agency (hereafter, "Department") charged with operating the foster care system and providing substitute care services to children placed in its care. At the time of the incident in question, Defendant State of Alaska Department of Health and Social Services, Office of Children's Services was known as the State of Alaska Department of Health and Social Services, Division of Family and Youth Services.

1.5   Defendant Marlene Leslie is a resident of the State of Alaska and was at all times material hereto an employee of the defendant Department and was charged with supervising the licensing of the James Eller home as a foster home facility.

1.6   Defendant Karen Mason's residency is currently unknown. She was a Department employee assigned, at all times pertinent hereto, as the supervisor of defendant Marlene Leslie.

1.7   Defendant Sarah T. Hanson is a resident of the State of Alaska and was a Department employee assigned, at all times pertinent hereto, as a caseworker for the plaintiff. At the time of the incident she was known by her maiden name (Teaford) and had the title of Social Worker III with the State of Alaska Department of Health and Social Services in the Anchorage District Office.

1.8   The identity and residence of the Supervisor of Sarah T. Hanson is currently not known and is designated herein as Defendant Supervisor. Defendant Supervisor was at all time

AMENDED COMPLAINT FOR PERSONAL INJURIES   Page 2 of 2
Malloy V. Alaska DHSS & Others                              Case No. 3 AN 05-9276 Ci

LAW OFFICE OF DONALD D. COOK         AND       C. KAY DENNY, ATTORNEY AT LAW
800 Bellevue Way N.E., Suite 400                             310 K Street, Suite 200
Bellevue, Washington 98004                                   Anchorage, Alaska 99501
Tel. 425 235-2665/ Fax. 253-3226                             Tel. 907 264-6687/ Fax 907 569-0121

material hereto responsible for supervision of the actions of Defendant Sarah T Hanson. Plaintiff reserves the right to amend the caption and content of this complaint to properly identify the name of Defendant Supervisor pending discovery.

1.9   Defendant Commissioner, Department of Health and Social Services, is charged with operating the foster care system and providing substitute care services to children placed in its care and ensuring proper training and enforcement protection policies.

1.10   Defendant Karen Perdue was the incumbent Commissioner of the Department of Health and Social Services, Division of Family and Youth Services at the time of the incident and was responsible for the supervision, training and enforcement of foster care licensing and placement. Her residency is currently unknown.

1.11   The incidents that are the subject of this suit occurred in Anchorage, Alaska.

1.12   Jurisdiction and venue are proper in this court based on the Alaska Tort Claims Act AS 9.50.250.

## II.
## FACTUAL BACKGROUND

2.1   In 1995 the plaintiff, Denali Malloy, was 10 years of age. She lived in Anchorage Alaska with her natural mother, Maureen Malloy, and her older brother Joshua Malloy. Her natural father, Dee Nichols, lived in Seattle Washington. In December 1995, Maureen Malloy was charged with first degree murder, kidnapping, and tampering with physical evidence. She was found guilty and sentenced to life in prison. See *Malloy v. State*, 1 P.3d 1266, 1269 (Alaska App. 2000).

2.2   At the time of Maureen Malloy's arrest, the State of Alaska took emergency custody of the plaintiff and her brother. The "Department" discovered that both children had suffered neglect and sexual abuse at the hands of Maureen Malloy and both children were therefore at increased risk. The specifics are set forth in the Department *Plan of Action*, dated December 28, 1995, and the *Family Abuse/Neglect Assessment* prepared for Case Number 425392. A second *Family Abuse/Neglect Assessment* was signed by Karen Mason, a supervisor in the Department.

AMENDED COMPLAINT FOR PERSONAL INJURIES   Page 3 of 3
Malloy V. Alaska DHSS & Others                Case No. 3 AN 05-9276 Ci

LAW OFFICE OF DONALD D. COOK        AND      C. KAY DENNY, ATTORNEY AT LAW
800 Bellevue Way N.E., Suite 400                310 K Street, Suite 200
Bellevue, Washington 98004                      Anchorage, Alaska 99501
Tel. 425 235-2665/ Fax. 253-3226                Tel. 907 264-6687/ Fax 907 569-0121

2.3     Upon learning of the aforementioned events, the plaintiff's father, Dee Nichols, sought custody of the plaintiff. On the basis of allegations that were later proved to be false, he was denied custody and the plaintiff was placed in several different foster homes in early 1996.

2.4     In May or June of 1996, the plaintiff was relocated into the residence of James Clifton Eller and Pamela Straw in Anchorage, Alaska. The State of Alaska had licensed the Eller home as a foster care home. Approximately two months later, James Eller began sexually abusing the plaintiff.

2.5     The plaintiff was terrified. She contacted defendant Sarah Hanson, a social worker with the Alaska Family and Youth Services, and told her that she was being sexually molested by James Eller. Sarah Hanson doubted the veracity of the plaintiff's accusations and cautioned the plaintiff that if she persisted in her complaints she would have no place to live and would probably never see her brother again. The plaintiff was shocked and frightened. Feeling abandoned and with little recourse, she stayed in the Eller home where the abuse continued on a regular basis for six months.

2.6     The plaintiff's father obtained counsel and continued to fight for custody throughout this period of time. He was finally granted custody in July 1998, whereupon the plaintiff relocated to Seattle Washington to live with her father. ***See Order for Release from Custody/Supervision***, Superior Court for the State of Alaska, Third District, dated August 3, 1998.

2.7     James Eller was criminally charged with Sexual Abuse of a Minor-1st Degree. He entered a plea of guilty and was sentenced to prison. ***See Conviction***, dated 4-18-97, Court Docket Number S96-9174, Anchorage Superior Court. The specific acts of abuse are set forth in detail in the record. James Eller has since been released from prison, lives in Anchorage Alaska, and is a registered sex offender with the State of Alaska.

2.8     The plaintiff was so psychologically traumatized by the aforementioned events that she lives in a constant state of fear and anxiety. Even in her father's home she felt it necessary to routinely lock herself in her bedroom. As such, she was unable to continue with her education, leaving school in the 7th grade. She is currently in need of additional education and psychological counseling.

AMENDED COMPLAINT FOR PERSONAL INJURIES   Page 4 of 4
Malloy V. Alaska DHSS & Others             Case No. 3 AN 05-9276 Ci

LAW OFFICE OF DONALD D. COOK        AND        C. KAY DENNY, ATTORNEY AT LAW
800 Bellevue Way N.E., Suite 400                310 K Street, Suite 200
Bellevue, Washington 98004                      Anchorage, Alaska 99501
Tel. 425 235-2665/ Fax. 253-3226                Tel. 907 264-6687/ Fax 907 569-0121

## III
## COUNT I: NEGLIGENCE

3.1 Plaintiff re-alleges all of the previous paragraphs as if fully set forth herein and in addition alleges as follows:

3.2 At all times material hereto, defendant Department and its employees had an ongoing duty to assess, screen and evaluate the Eller foster home, including but not limited to performing employment history checks, personal reference checks, local, statewide and federal criminal records checks and the State abuse registry clearance. There was evidence that the defendant knew or should have known that James Eller had previously been arrested and charged with child sexual abuse *prior* to being approved by the Department as a foster parent.

3.3 The plaintiff and her brother were owed a duty of care by the State of Alaska because they were "children in need of aid" within the meaning of AS 47.10.011(2) since their custodial parent had been incarcerated. Moreover, from the start of plaintiff's placement in the Alaska State Foster Care System it was known that the plaintiff and her brother had suffered sexual abuse in the past. As such, the plaintiff was owed a duty of care under AS 47.10.011(7). As stated above, the Plan of Action dated December 28, 1995, and the Family Abuse/Neglect Assessment prepared for Case Number 425392, and the second Family Abuse/Neglect Assessment signed by defendant Karen Mason (supervisor of Marlene Leslie) indicated that there was substantiated sexual abuse of Denali Malloy and her neglect assessment was "high". The Department was, or should have been, on notice that these children were at increased risk and that they had to be monitored closely to ensure their wellbeing and safety.

3.4 The Department, through its employees and agents, had the affirmative duty to provide plaintiff with care and safe environment under AS 47.10.011(2), and under AS 47.32 *et. sec.* to provide a suitable foster care home, to thoroughly screen the foster homes in which plaintiff was placed, to visit the children on a regular basis, to thoroughly investigate allegations of abuse and to comply with their own rules and regulations. Defendant Hanson and the Department failed to promptly investigate the plaintiff's complaints and allegations of abuse and to remove plaintiff from the Eller foster home.

AMENDED COMPLAINT FOR PERSONAL INJURIES    Page 5 of 5
Malloy V. Alaska DHSS & Others    Case No. 3 AN 05-9276 Ci

LAW OFFICE OF DONALD D. COOK    AND    C. KAY DENNY, ATTORNEY AT LAW
800 Bellevue Way N.E., Suite 400            310 K Street, Suite 200
Bellevue, Washington 98004                 Anchorage, Alaska 99501
Tel. 425 235-2665/ Fax. 253-3226           Tel. 907 264-6687/ Fax 907 569-0121