IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| DENALI P. MALLOY, a single woman )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALASKA DEPARTMENT )<br>OF HEALTH AND SOCIAL )<br>SERVICES, and its COMMISSIONER; )<br>and KAREN PERDUE; SARAH T. )<br>HANSON; and the SUPERVISOR OF )<br>SARAH T. HANSON; and KAREN )<br>Mason; and MARLENE LESLIE, )<br>)<br>Defendants. )<br>_____ ) | Case No. 3AN-05-9276 CI |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER APPROVING DEFENDANT'S FILING OF THIRD PARTY COMPLAINT**

The State moves for an Order allowing it to assert a Third-Party Complaint seeking equitable apportionment of fault against Third-Party Defendant Eller pursuant to Alaska R. Civ. P. 14(c) and AS 09.17.080. The State does not seek any affirmative, monetary recovery from Eller. Rather, the State alleges that Eller is wholly responsible for the damages claimed by the Plaintiff in this lawsuit. Because the trial in this case is over eight months away, because the State's proposed third-party claim is legally viable and factually supportable, and because leave to amend pleadings "shall be freely given when justice so requires" under Alaska R. Civ. P. 15(a), this Court should grant the State's motion to assert its Third-Party Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a sexual assault that was perpetrated by Third-Party Defendant Eller against Plaintiff Denali P. Malloy, then a minor. Eller's acts of sexual assault occurred while Plaintiff was a foster child under Eller's care. See Plaintiff's Amended Complaint for Personal Injuries at ¶¶ 2.1 – 2.4. Eller was thereafter convicted for sexual abuse of a minor in the first degree. See Exhibit A, Conviction Order.

Upon reaching the age of majority, Plaintiff sued the State and various State employees for injuries sustained as a result of Eller's misconduct.[1] Although Plaintiff, in her complaint, correctly alleges that Eller committed acts of horrendous wrongdoing, she does not name him as a party. For its part, the State has denied all liability, both on its behalf and behalf of its employees. Given: a) Plaintiff's correct criminal allegations against Eller; b) Eller's uncontested criminal guilt and conviction; c) that Eller is not a State employee, representative, or agent (see, for instance, *New Jersey Property – Liability Insurance Guaranty Assn. v. State*, 477 A.2d 826, 831(N.J. Ct. App. 1984)); and, d) that the State owes no indemnity obligation to Eller for his willful, criminal acts (see 7 AAC 53.100(b) and *Aetna Casualty and Surety Co. v. Marion Equipment Co.*, 894 P.2d 664 (Alaska 1995), enforcing statute barring indemnity for willful misconduct), Eller should and

---

[1] Plaintiff's claims against two state employees, Sarah T. Hanson and Marlene Leslie, have been removed to United States District Court, District of Alaska. Plaintiff has not served process on any of the other State employees identified in the case caption.

Memorandum in Support of Motion for Order Approving 3rd Party Complaint
*Malloy v. SOA DHSS et al.*
3AN-05-9276 CI
Page 2 of 5

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

must be formerly joined as a party for purposes of apportionment of fault pursuant to AS 09.17.080. The State seeks to apportion 100% fault to Eller.

## ARGUMENT

Pursuant to Alaska R. Civ. P. 14(a), at any time after commencement of a lawsuit the Defendant, as a third-party plaintiff, "may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable…for all or part of the Plaintiff's claim…". In order to obtain equitable apportionment pursuant to AS 09.17.080 a defendant, as a third-party plaintiff, may add as third-party defendant any person whose fault may have been a cause of the damages claimed by the plaintiff. Alaska R. Civ. P. 14(c). Thereafter, judgment may be entered against the third-party defendant in favor of the plaintiff in accordance with the third-party defendant's percentage of fault, regardless of whether the plaintiff has asserted a direct claim against the third-party defendant. *Id.* Given the purpose of Civil Rule 14, and given that the State has presented evidence in the form of a criminal conviction to establish a legitimate basis for apportionment of fault against Third-Party Defendant Eller, this court should grant the State's motion to amend.

Allowing the State to seek equitable apportionment against Third-Party Defendant under AS 09.17.080 is also justified under Alaska R. Civ. P. 15. Under Rule 15(a), a party may amend its pleadings by leave of court, and "leave shall be freely given when justice so requires." Leave to amend should be liberally granted. *Estate of Thompson v. Mercedes Benz Inc.*, 514 P.2nd 1269 (Alaska 1973). A party should be granted leave to amend where there is no showing that the amendment will result in an injustice. *Id.*

Memorandum in Support of Motion for Order Approving 3rd Party Complaint
*Malloy v. SOA DHSS et al.*
3AN-05-9276 CI
Page 3 of 5

In the instant case, justice requires that the State be allowed to amend its pleadings and assert its third-party complaint. As is outlined above, the State has an overwhelmingly supportable, legally viable basis for seeking apportionment of fault. Moreover, neither Plaintiff nor Eller, the Third-Party Defendant, can demonstrate injustice or undue prejudice if the Court allows the Third-Party Complaint to go forward. Plaintiff has been, or should have been, aware from the outset of the case that Eller is subject to equitable apportionment. As for Eller, he will have sufficient opportunity to obtain counsel and to prepare his case for trial. He cannot claim surprise, in view of the fact that he was convicted for sexual assault of the Plaintiff. There are no immediate, pressing pretrial deadlines that Third-Party Defendant Eller will have difficulty meeting. To the extent he experiences difficulty with deadlines, Eller can seek extensions. In short, there is no substantive or procedural reason why the State should not be allowed to pursue a third-party claim seeking to apportion 100% fault to Third-Party Defendant Eller.

## CONCLUSION

For the foregoing reasons, the Court should grant the State's Motion for Order Approving Defendants' Filing of Third-Party Complaint.

Memorandum in Support of Motion for Order Approving 3rd Party Complaint
*Malloy v. SOA DHSS et al.*
3AN-05-9276 CI
Page 4 of 5

DATED this 26 day of April, 2006, at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: _____
Dana S. Burke
Assistant Attorney General
ABA No. 9011085

This is to certify that on this date, a copy of the foregoing is being mailed to:

Carmen Kay Denny
310 K Street, Suite 200
Anchorage, AK 99501

Donald D. Cook
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004

_Chelsea Gruwe_    4.26.06
Law Office Assistant    Date

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

Memorandum in Support of Motion for Order Approving 3rd Party Complaint
*Malloy v. SOA DHSS et al.*
3AN-05-9276 CI
Page 5 of 5